399 P.2d 108

**CITY OF ALBUQUERQUE,**
Plaintiff-Appellee,

v.

**Hap E. LEATHERMAN,**
Defendant-Appellant.

**No. 7507.**

Supreme Court of New Mexico.

Jan. 18, 1965.

Rehearing Denied March 1, 1965.

Dale B. Dilts, Albuquerque, for appellant.

Frank L. Horan, James L. Parmelee, Jr., Harley A. Lanning, Melvyn D. Baron, Albuquerque, for appellee.

MOISE, Justice.

This is an appeal from an order of the district court of Bernalillo County finding appellant guilty of resisting arrest in violation of a municipal ordinance of the city of Albuquerque and ordering him to pay a $10.00 fine.

Appellant was arrested by a city policeman when found sitting with a companion in a pickup truck in the driveway of a filling station at 2:30 a. m. The arresting police officer testified that while cruising in his police car he noticed a pickup truck standing in a filling station driveway. He stopped his car and went over to the truck. He then observed appellant and a companion seated in the cab of the truck and a considerable number of liquor bottles, both in the truck bed and in the cab. There was an open beer bottle and some open liquor bottles. The officer asked appellant, who was sitting behind the steering wheel, for his driver's license for identification. Appellant refused to show it until the officer had asked several times. Finally, appellant gave the officer the driver's license. Appellant was then asked to get out of the truck so the officer could check whether he was intoxicated. Appellant refused to get out and told the officer that if he wanted him out, he would have to drag him out. Appellant

took hold of the steering wheel and resisted being removed from inside the cab. There was a brief struggle and the officer forcibly took him out and handcuffed him. Appellant was charged with violation of certain sections of numbered ordinances stated in the complaint as the offenses of being drunk and resisting arrest. He was acquitted in municipal court of being drunk, and convicted of resisting arrest. From this conviction he appealed to the district court where he was given a de novo trial and again found guilty of resisting an officer and fine of $10.00 imposed.

The record does not disclose the provisions of the ordinances under which appellant was charged and convicted. Appellant asserts that the district court erred in taking judicial notice of municipal ordinances. The argument is without merit. Although there is a conflict in the decisions, under circumstances such as we have here present where the district court tries the case de novo upon appeal from a municipal court, it is the prevailing or majority rule that ordinances may be judicially noticed. Orose v. Hodge Drive-It-Yourself Co., 132 Ohio St. 607, 9 N.E.2d 671, 111 A.L.R. 954; Wells v. State, 152 Neb. 668, 42 N.W.2d 363. See note, 111 A.L.R. 959, 963. We are satisfied that the majority rule is preferable.

Appellant calls our attention to the case of Territory v. Lynch, 18 N.M. 15, 133 P. 405. However, this case does not discuss the problem here presented—whether on ap-

782

peal from conviction in municipal court of violation of an ordinance, the district court in a trial de novo· may ·or should take judicial notice of a municipal ordinance. Rather, it discusses the foundation required to make municipal ordinances admissible under § 2412, N.M.C.L.1897 (§ 14–25–4, N.M. S.A.1953).

■ As his second point appellant argues that there was no probable cause present to justify an arrest, and as point three that the arrest being unlawful, appellant had the right to resist the same with reasonable force. The appellee City admits that if the arrest was unlawful, appellant was within his rights to reasonably resist the same. It contends, however, that the officer did have probable cause, and that the arrest was legal. ·

■ Our attention is directed by appellant to ·Cave v. Cooley, 48 N.M. 478, 152 P. 2d 886, where we discussed at some length ·the probable cause which will support an arrest without a warrant, for a misdemeanor. It is then argued that under the facts of · this case the arresting officer could not have had probable cause to arrest appellant for violation of an ordinance prohibiting drunkenness. Whether this is true, it is impossible for us to say without having the ordinance before us. Inasmuch as· the ordinances were judicially noticed by the district court and are nowhere shown in the transcript,· how can we pass on the question

of probable cause? Appellant does not suggest that we should judicially notice the ordinances. Accordingly, we refrain from doing so and do not consider or pass upon what is the correct rule under the circumstances here present. We will consider the judgment of the district court to be presumptively correct. Hobbs v. Town of Hot Springs, 44 N.M. 592, 106 P.2d 856; Coastal Plains Oil Company v. Douglas, 69 N.M. 68, 364 P.2d 131. Also see, Anderson v. Adamson, 79 S.D. 429, 112 N.W.2d 612, and Wells v. State, supra, both of which involved municipal ordinances not shown in the record on appeal. Of, particular pertinence is the following language which we quote from Wells v. State, supra:

" * * * On appeal from a conviction in a municipal court of a violation of a city ordinance, the district court will, upon a trial de novo, take notice of whatever facts the former could have noticed judicially before the removal of the case. The judgment of the district court in such a case comes to this court attended with the usual presumptions of regularity, and in the absence of a showing to the contrary, it will be presumed that the facts before that court, including those of which it was required to take judicial notice, established that the facts charged in the complaint were a violation of the ordinance of the city described or referred to therein. * * *"

Appellant also cites City of Clovis v. Archie, 60 N.M. 239, 290 P.2d 1075. That case upheld the right of a city police officer to arrest without a warrant, one who commits an offense in the immediate presence of the officer. We see nothing in that opinion which is of assistance to appellant here.

Appellant has failed in his efforts to overcome the presumption of correctness accorded by us to the trial court judgment, and the judgment is accordingly affirmed. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.