408 P.2d 51

**GENERAL SERVICES CORPORATION,**
Plaintiff-Appellant,

v.

**BOARD OF COMMISSIONERS OF BERNA-
LILLO COUNTY, Defendant-Appellee.**

**No. 7665.**

Supreme Court of New Mexico.

Sept. 27, 1965.

Rehearing Denied Nov. 8, 1965.

McAtee, Toulouse, Marchiondo, Ruud &
Gallagher, Mary C. Walters, Albuquerque,
for appellant.

Earl E. Hartley, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for appellee.

NOBLE, Justice.

Plaintiff-appellant sought to enjoin Bernalillo County from interfering with its establishment and use of a private garbage dump in which to deposit the waste and garbage of its customers. The county filed a counterclaim for an order restraining the plaintiff from the operation of such private dump and for money claimed to be due for use of the county dump. The trial court granted the relief requested by Bernalillo County, and the plaintiff has appealed from the injunction and money award.

The judgment is challenged upon the ground that it is not supported by any evidence. The record before us does not contain a bill of exceptions and is entirely devoid of any testimony or evidence whatsoever. Plaintiff argues not only that no evidence or testimony was offered by the parties or received by the court, but that in fact no trial of the issues was ever had.

We might be faced with a perplexing problem were it not for the fact that the trial court recited in the judgment itself that a trial was had and that the court had heard evidence. The court's recital is well nigh conclusive on the question. Other pleadings in the record proper appear to substantiate the recital of the judgment. Plaintiff's tendered statement of facts contains the following recital:

"Plaintiff submits the following as a fair statement of the facts and circumstances to be deduced from the evidence presented at the hearing upon Order to Show Cause:"

It, therefore, is additionally made to appear that a hearing was actually held at which evidence was taken. Sometimes evidence is heard by a trial court without a record thereof being taken. That there was a hearing at which evidence was taken is further borne out by the fact that the record discloses extensive requested findings of fact and conclusions of law by both parties, and that findings and conclusions were made by the court.

An attack upon the ground that the evidence is insufficient to support the judgment requires a statement in the brief of the substance of all the evidence, bearing upon the question with references thereto in the transcript. Supreme Court Rule 15(6) (§ 21–2–1(15)(6), N.M.S.A.1953); Koran v. White, 69 N.M. 46, 363 P.2d 1038; Bogle v. Potter, 68 N.M. 239, 360 P.2d 650. But, if matters occurred in the trial court not disclosed by the bill of exceptions, Supreme Court Rule 13 provides the method for including what occurred in the transcript and its certification to the Supreme Court. This includes the claim that no testi-

mony was taken and that no trial in fact was had. In re Guardianship of Caffo, 69 N.M. 320, 366 P.2d 848. This procedure was not followed.

■■ Furthermore, it is the duty of an appellant desiring a review to see to it that a proper record is made. Supreme Court Rule 14; Buchanan v. Carpenter, 65 N.M. 389, 338 P.2d 292; Berkstresser v. Voight, 63 N.M. 470, 321 P.2d 1115; Richardson Ford Sales v. Cummins, 74 N.M. 271, 393 P.2d 11. The record before us fails to establish the fact asserted by appellant and, upon a doubtful or deficient record every presumption must be indulged by this court in favor of the correctness and regularity of the trial court's judgment. Coastal Plains Oil Company v. Douglas, 69 N.M. 68, 364 P.2d 131. It follows that appellant has not satisfied its burden of establishing its right to reversal on this point. Federal Land Bank of Wichita v. Beck, 46 N.M. 87, 121 P.2d 147.

■ The argument that the Bernalillo County ordinance does not authorize the assessment of a charge against appellant and that its use of its private land fill cannot be prohibited depends primarily upon the terms of an ordinance which does not appear to have been offered or received into evidence. An appellate court, which is not trying the case de novo on appeal from a municipal court, may not take judicial notice of county or municipal ordinances, but they are matters of fact which must be pleaded and proved the same as any other fact. Nesbitt v. Flaccus, 138 S.E. 2d 859 (W.Va.1964); McDaniel v. City of Grenada, 172 So.2d 223 (Miss.1965); Nigro v. Jones, 332 Mass. 741, 127 N.E.2d 650; Cary Realty Corporation v. City of Chelsea, 345 Mass. 769, 187 N.E.2d 817; State v. Tamanaha, 46 Haw. 345, 379 P.2d 592; Slater v. Salt Lake City, 115 Utah 476, 206 P.2d 153, 9 A.L.R.2d 712; Murray v. Wells, 17 S.W.2d 613 (St. Louis Ct.App.1929). Cf. City of Albuquerque v. Leatherman, 74 N. M. 780, 399 P.2d 108. As intimated earlier, our scope of appellate review is limited to a consideration of those facts disclosed by the record. Appellant's attempt to supply what is missing by attaching a copy of the county ordinance as an addendum to the brief is not permitted by the rules and, accordingly, we will not consider it. Porter v. Robert Porter and Sons, Inc., 68 N.M. 97, 359 P.2d 134; Hamilton v. Doty, 65 N.M. 270, 335 P.2d 1067; Sturgeon v. Clark, 69 N.M. 132, 364 P.2d 757; Baca v. Coury, 27 N.M. 275, 199 P. 1015.

The judgment must be affirmed, and it is so ordered.

CARMODY, C. J., and MOISE, J., concur.