467 P.2d 27

Ralph M. COE and Wilhelmina N. Coe, Plaintiffs-Appellants,

v.

CITY OF ALBUQUERQUE, a municipal corporation, Jack Coogan and Alida Coogan, Roland Walters and Mary Walters, Defendants-Appellees.

No. 8739.

Supreme Court of New Mexico.

March 16, 1970.

See, also, 79 N.M. 92, 440 P.2d 130.

Oliver Burton Cohen, William H. Carpenter, Albuquerque, for appellants.

Hernandez, Atkinson & Kelsey, Albuquerque, for Coogan & Walters.

Frank M. Mims, Albuquerque, for City of Albuquerque.

## OPINION

SISK, Justice.

Plaintiffs appeal from a summary judgment granted to the defendants, City of Albuquerque, Jack Coogan and Alida Coogan, and Roland Walters and Mary Walters. Plaintiffs sought to have three ordinances of the City of Albuquerque declared void, insofar as they affect the property or property rights of plaintiffs. Summary judgment may properly be granted only if the moving party is entitled thereto as a matter of law upon clear and undisputed facts. Ute Park Summer Homes Ass'n v. Maxwell Land Grant Co., 77 N.M. 730, 427 P.2d 249 (1967); Great Western Construction Co. v. N. C. Ribble Co., 77 N.M. 725, 427 P.2d 246 (1967).

In an effort to determine the basis for the granting of summary judgment, it is necessary to briefly review the few relevant pleadings and documents which are contained in the record. The complaint alleges that plaintiffs own certain specific lots in the Netherwood Park Addition in Albuquerque, as shown on a specified plat; that the defendants Coogan and Walters owned portions of property in such addition; that the City of Albuquerque by three ordinances vacated portions of Hermosa, Solano and Euclid Streets contiguous to the property of plaintiffs and defendants, and changed the zoning of plaintiffs' property; and that the ordinances would deprive plaintiffs of valuable property rights of access, in violation of their

rights under the federal and state constitutions.

The answers of defendants denied that plaintiffs were improperly deprived of any property rights and alleged that plaintiffs were lawfully notified of hearings before the Planning Commission and the City Commission concerning the zone change and the street vacation; that plaintiffs made no objection to and took no appeal from the action of the City and are estopped from questioning the validity of the ordinances; that plaintiffs failed to exhaust their administrative remedies and therefore cannot maintain this action; and that all actions of the City complied with its various ordinances, which actions were within the proper discretion of the City, and the resulting ordinances were therefore valid.

After hearing on the defendants' motion for summary judgment, the trial court entered an interlocutory order which, after making specific findings of fact, ordered that summary judgment would thereafter be entered dismissing plaintiffs' complaint with prejudice if the plaintiffs were granted an easement to and from their property described as Lots 23 and 26, Block 15, and Block [lot] 47, Block 16, of the Netherwood Park Addition. The order further provided that if the parties were unable to agree on the reasonableness of such access the court would determine that fact. Neither the plat of the addition nor any of the municipal ordinances appear in the record on appeal.

The court found that plaintiffs were duly notified of Planning Commission meetings on August 24, 1965, September 20, 1965, and October 4, 1965; and that the City Commission passed the three ordinances in question on October 12, 1965. The only statements before the court at the summary judgment hearing which concerned notice of any kind were contained in the deposition of Mr. Hernandez and the affidavit of Mr. Carruthers. Mr. Hernandez said that he ascertained that a letter of notification of the application for zone change and vacation of Hermosa Street was sent to and received by plaintiffs, but no mention was made of the date of that letter or of any of the meetings referred to in the court's findings. The affidavit of Mr. Carruthers stated that a certain zoning ordinance required five days' notice of the meeting at which an application was to be considered; that a notice was mailed to plaintiffs on August 12, 1965; and that the City Commission finally passed upon the zone change and street vacation application on October 4, 1965. This testimony is not sufficient to support the specific findings concerning notice which were entered following the summary judgment hearing.

Thereafter, at a hearing on the plaintiffs' motion to set aside the interlocutory order previously entered, the court found that an easement offered to plaintiffs by the defendants Coogan and Walters did afford reasonable access to and from the property of plaintiffs, identified as Lots 23 and 26, Block 15, of a certain plat of the Netherwood Park Addition. The court then specifically granted such easement to plaintiffs and granted summary judgment in favor of defendants.

■ Such a factual determination at summary judgment hearing was improper. See Rule 56, Rules of Civil Procedure (§ 21-1-1(56) (c), N.M.S.A. 1953); Shumate v. Hillis, 80 N.M. 308, 454 P.2d 965 (1969); Martin v. Board of Education, 79 N.M. 636, 447 P.2d 516 (1968); Johnson v. J. S. & H. Constr. Co., 81 N.M. 42, 462 P.2d 627 (Ct.App.1969). There is no evidence that the easement offered by defendants, but not agreed to by plaintiffs, was reasonable. The easement granted by the court runs immediately behind and on the side of a shopping center, and covers a distance in excess of 1,000 feet from an existing street to Tract C of plaintiffs' property, which adjoins Tract B. This easement is the only access to these two tracts, and its corner only touches the corner of Tract C.

The record therefore reflects a situation where two tracts of land which previously fronted on streets dedicated by a plat were

left completely without access by municipal action in vacating the streets; where the zoning of those tracts was apparently changed from residential to commercial use, though the record does not reflect the actual result of the zone change; and where the trial court by summary judgment held that a long and circuitous private easement to one corner of the landlocked property afforded a reasonable access to that property.

Plaintiffs did not file affidavits or offer testimony to establish that the access provided by the easement was not reasonable, and at a trial on the merits the proof might well support the court's findings and the defenses raised by defendants. But a hearing on motion for summary judgment is not a substitute for trial. Spears v. Canon de Carnue Land Grant, 80 N.M. 766, 461 P.2d 415 (1969). The pleadings, depositions, affidavits and other matters before the court, and all reasonable inferences therefrom must be viewed in their most favorable aspect in support of the parties opposing the motion and of the right to a trial on the issues. Hewitt-Robins, Inc. v. Lea County Sand & Gravel, Inc., 70 N.M. 144, 371 P.2d 795 (1962). It is not possible to say from an examination of the record that there is no genuine issue of material fact concerning the reasonableness of the access granted by the easement.

Nothing in the record reflects what statutes and ordinances were employed by defendants to accomplish the vacation of the streets. There is more than one proper method by which streets may be vacated. Section 14–19–11, N.M.S.A.1953, provides a means of vacating streets by partial vacation of a filed plat. Section 55–1–7, N.M.S.A.1953, provides a means of vacating a street when a portion of it is no longer needed for public purposes. Section 14–18–11, N.M.S.A.1953, provides that after a master plan of an area has been approved, a street can be vacated only with planning commission approval. The procedural requirements to accomplish the vacation by these means differ.

The record does reflect that the vacation was accomplished after planning department approval. The procedures of such a vacation must be implemented by municipal ordinance, and no ordinances appear in the record. We have held that an appellate court which is not trying the case de novo on appeal from a municipal court may not take judicial notice of municipal ordinances and that such ordinances are matters of fact which must be pleaded and proved the same as any other fact. General Services Corp. v. Board of Com'rs, 75 N.M. 550, 408 P.2d 51 (1965). The same principal is applicable in the present case with regard to ordinances which were apparently not before the trial court which granted summary judgment and are not included in the record on appeal to us from that summary judgment. Even if we were able to take judicial notice of all of the City of Albuquerque ordinances which pertain to zone changes and street vacations, it would still not be possible from the record to say that no genuine issue of material fact remains and that summary judgment was proper.

Whatever statutes and ordinances were employed, the end result of the street vacation was to leave two of the plaintiffs' tracts of land completely landlocked without any access whatever. Although the vacation of public streets is essentially a legislative function, the action must comply with constitutional guaranties that property cannot be taken without due process of law; and, if the facts reflect that a substantial property right has been taken, there is a right to have such action reviewed by the courts. Phillips Mercantile Co. v. City of Albuquerque, 60 N.M. 1, 287 P.2d 77 (1955); Thomas v. Jultak, 68 Wyo. 198, 231 P.2d 974 (1951). Various questions enter into the determination of whether a substantial property right has been erroneously taken, which questions must be determined through trial. The present record is deficient of evidence which would enable us to make the necessary determinations as a matter of law in this appeal.

Summary judgment is reversed and the cause remanded to the trial court with instructions to reinstate it on the docket and afford a trial on the merits.

It is so ordered.

TACKETT J., and LaFEL E. OMAN, J., Ct.App., concur.