587 P.2d 42

Anna MULLER, Petitioner-Appellant,

v.

CITY OF ALBUQUERQUE,
Respondent-Appellee,

and

Jack L. Felter, Joseph M. Peterson and
Stephen N. Sanchez, Respondents-in-
Intervention-Appellees.

No. 11915.

Supreme Court of New Mexico.

Nov. 30, 1978.

Stephen Durkovich, Albuquerque, for pe-
titioner-appellant.

John A. Myers, William L. Kraemer, Al-
buquerque, for City of Albuquerque.

W. W. Atkinson, Albuquerque, for re-
spondents-in-intervention-appellees.

OPINION

FEDERICI, Justice.

This suit was brought in the District
Court of Bernalillo County for review by
writ of certiorari of the action of respon-
dent (appellee), City of Albuquerque, grant-
ing a zoning change to landowners (interve-
nors).

Intervenors applied to the City of Albu-
querque Planning Department for a change
of zoning on their property from SU–2–
HDA to SU–2–RC. The zone change would
allow the construction of a Winchell's Do-
nut House on the property. The Planning
Department recommended that the applica-
tion be denied. Intervenors appealed to the
Environmental Planning Commission (EPC)
which affirmed the Planning Department's
decision and recommendation. Intervenors
then appealed to the City Council. The
Land Use, Planning and Zoning Committee
of the City Council recommended that the
appeal be heard by the full Council. The
City Council, after hearing, granted the
zone change.

Protestant (appellant) is the owner of
property in Albuquerque near the property
owned by intervenors and is chairperson of
the Downtown Neighborhood Association.
Appellant filed a petition for writ of certio-
rari with the District Court of Bernalillo
County. In her first amended petition, ap-
pellant alleged that the decision of the City
Council was illegal. The trial court re-
viewed the record of the City Council pro-
ceedings, and, after oral arguments, issued
findings of fact and conclusions of law and
entered judgment affirming the decision of
the City Council. This appeal followed.
We affirm the district court.

The trial court made the following find-
ings:

2. The City Council followed the procedures prescribed by statute and municipal ordinance in approving the zoning change in question.

3. The decision of the City Council to approve the requested zone change is supported by substantial evidence.

4. The City Council considered all of the factors set forth in § 14 20 3 N.M.S.A. in making their determination.

\* \* \* \* \* \*

6. The findings upon which the action of the City Council was based, the reasoning of the Council, and the basis on which it acted, can be determined from the discussion and the basis set forth in the motion to approve the change in zoning, and that this reasoning is supported by substantial evidence.

7. At the time set for hearing before this Court upon the Petition, more than six months after the issuance of the original writ of certiorari in this action, the Petitioner, by her said attorney, first raised the assertion that the Respondent had failed to make the necessary findings of fact and conclusions of law required to sustain its action in the proceedings here under review, no such assertion having been set forth in the Petitioner's pleadings.

The court then concluded:

3. The action of the City Council of the City of Albuquerque in zoning matter AC–77–11 (Z–77–24) was in compliance with the requirements of statute and municipal ordinance.

4. The City Council's decision is supported by substantial evidence. The City Council's said action was not arbitrary, capricious, or illegal in any respect.

5. The assertion that the City failed to make appropriate findings and conclusions was not timely raised by the Petitioner. The appeal proceedings prescribed by 14–20–7, N.M.S.A.1953, are intended to be handled expeditiously. To allow Petitioner to amend at the time of hearing would be unduly prejudicial to Respondent.

The main issue presented for review in this appeal is whether the action of the City Council was illegal for its failure to follow § 45E(4) of Albuquerque's Comprehensive Zoning Code, which requires that the Council adopt findings and include those findings in the Council's journal. Appellant contends that the case should be returned to the Council for compliance with § 45E(4). It is not clear from the record whether the City of Albuquerque Comprehensive Zoning Code was offered in evidence. It was stipulated that Exhibit "A", the Downtown Neighborhood Sector Development Plan, be admitted in evidence. The City Zoning Code was not specifically mentioned.

■ An appellate court will not take judicial notice of municipal ordinances. They are matters of fact which must be pleaded and proved as any other fact. *Coe v. City of Albuquerque*, 81 N.M. 361, 467 P.2d 27 (1970); *General Services Corp. v. Board of Com'rs*, 75 N.M. 550, 408 P.2d 51 (1965). It is appellant's duty to see that a proper record is made for review. Upon a deficient record, every presumption must be made by this Court "in favor of the correctness and regularity of the trial court's judgment." *Id.* at 552, 408 P.2d at 52.

■ Assuming that the zoning regulations are properly before this Court for review, still, appellant is not entitled to relief because there was substantial compliance with those regulations by appellee City of Albuquerque. The purpose of the statute and regulations has been met. Upon reviewing the entire record, the court found that there was substantial evidence to sustain the City Council's determination. *Hawthorne v. City of Santa Fe*, 88 N.M. 123, 537 P.2d 1385 (1975).

In *City of Roswell v. New Mexico Water Qual. Con. Com'n*, 84 N.M. 561, 565, 505 P.2d 1237, 1241 (Ct.App.1972), *cert. denied*, 84 N.M. 560, 505 P.2d 1236 (1973), the Court of Appeals said:

We cannot effectively perform the review authorized by § 75–39–6, supra, unless the record indicates what facts and circumstances were considered and the weight given to those facts and circum-

stances. *We do not hold that formal findings are required. We do hold the record must indicate the reasoning of the Commission and the basis on which it adopted the regulations.* (Emphasis added.)

In *City of Roswell* the record did not contain any indication of what the Commission relied upon as a basis for adopting the regulations.

Appellant cites *Miller v. City of Albuquerque*, 89 N.M. 503, 554 P.2d 665 (1976) in support of her argument that a municipal legislative body is bound to follow regulations which it has adopted in the exercise of its delegated legislative powers, and that failure to do so violates procedural due process. *Miller* is distinguishable from the case before us. In *Miller* the zoning authority, rather than a landowner, sought the zone change. The municipal committee responsible for adopting the regulations failed to meet the statutory requirements necessary for initial validity; there was no substantial compliance. The City Attorney had advised the EPC that it had no authority to initiate the change. The City Commission did not follow its own established procedures for accepting zone change applications and therefore denied petitioner a meaningful and impartial hearing. The EPC acted with knowledge that it had no authority and, in doing so, failed to follow the ordinances and its own procedures *which were imposed upon others.* It was this type of conduct by a governing body which the court held to be impermissible in *Miller.*

In the present case, the transcript of the proceedings before the City Council and the trial court presented the issues to be determined. None of the parties were misled. The record indicates the reasoning for the Council's decision and the basis for its actions. The Council's decision was verified and approved by the trial court in its findings of fact and conclusions of law.

The findings of fact made by the trial court are supported by substantial evidence.

The court did not err as a matter of law. The trial court is affirmed.

IT IS SO ORDERED.

SOSA and EASLEY, JJ., concur.