IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Opinion Number: 2010-NMSC-006**

**Filing Date: January 25, 2010**

**Docket No. 31,480**

**CITY OF AZTEC,**

      **Plaintiff-Respondent,**

**v.**

**ANTHONY GURULE,**

      **Defendant-Petitioner.**

**ORIGINAL PROCEEDING ON CERTIORARI**
**William C. Birdsall, District Judge**

Hugh W. Dangler, Chief Public Defender
Adrianne R. Turner, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Thrower Law Firm, P.C.
Larry T. Thrower
Farmington, NM
for Respondent

**OPINION**

**SERNA, Justice**.

**{1}** This case permits us to reconsider a long-standing procedural requirement that has lost its usefulness in the twenty-first century. We hold that municipal ordinances are properly considered law, and thus need no longer be proven as facts necessary for a prima facie case, and we apply this rule to affirm Anthony Gurule's ("Defendant") conviction of aggravated driving while intoxicated ("DWI"), contrary to the City Code of Aztec, New Mexico. Aztec, N.M., City Code § 24-21.1 (2007) ("Except as otherwise provided in this article, the following sections of the New Mexico Motor Vehicle Code . . . are adopted by reference[:] . . . Sections 66-8-1 to 66-8-140[.]"),

1

http://www.aztecnm.gov/citycode/chapter24-traffic.pdf.[1]

## I.        Procedural History

**{2}**        Defendant was found guilty of aggravated DWI in the City of Aztec Municipal Court.  He appealed to the Eleventh Judicial District Court, and again was found guilty after a trial de novo. At the close of evidence in the trial de novo, Defendant objected that the city had not met its evidentiary burden, as it failed to introduce the relevant ordinance into evidence.  The City of Aztec ("City") admitted that it had not introduced the ordinance, but argued that the ordinance was presented by reference because Aztec adopted the state statute, to which the judge had ready access. The City acknowledged that it could not rely on the record for an element of proof.  The district court did not rule on the objection.  No mention was made on the record as to whether or not the district court did, or could, take judicial notice of the city ordinance.  Defendant filed a motion to dismiss after the trial, renewing the argument that the City did not prove its case because it failed to introduce the relevant ordinance. The motion was denied.

**{3}**        The Court of Appeals upheld the conviction in a Memorandum Opinion by concluding that the district court took judicial notice of the city ordinance under which Defendant was convicted, thereby finding the City proved the prima facie elements of its case. *City of Aztec v. Gurule*, No. 28,705, slip op. at 4 (N.M. Ct. App. Dec. 2, 2008).   We now affirm the opinion of the Court of Appeals on grounds other than those set forth in the Memorandum Opinion and write to clarify the purpose and method of taking judicial notice of a municipal ordinance, which we now recognize as law.

## II.       Discussion

**{4}**        Judicial notice is familiar to the legal community as a tool of evidence.  We often neglect to recognize, however, that courts take notice of law on a daily basis;  indeed, we could not succeed in our work if we were not free to consult the great body of local, state, national, and international law that exists and, thanks to modern research techniques, is accessible to legal researchers in any locale.  We take this opportunity first to review judicial notice of adjudicative facts, then to discuss judicial notice of law and why municipal ordinances henceforth will be treated as law.

### A.        Standard of Review

**{5}**        This case requires us to rule on an issue of law, and therefore our review is de novo.  *See Boradiansky v. State Farm Mut. Auto. Ins. Co.*, 2007-NMSC-015, ¶ 5, 141 N.M. 387, 156 P.3d 25.

### B.        Judicial Notice of Facts

---

[1] We note that the record in this case indicates Defendant was charged under Section 12-1/66-8-102 of the Aztec City Code.  However, we located the municipal ordinance under the citation stated in the text.

**{6}**     Our rules of evidence permit trial courts to take judicial notice of "adjudicative facts," Rule 11-201(A) NMRA, which are "simply the facts of the particular case." Fed. R. Evid. 201 (1972 Advisory Committee note to subdivision (a)).  Judicial notice of fact alleviates the evidentiary burden on a party and is taken pursuant to the rules of evidence. *See Personnel Dep't, Inc. v. Prof'l Staff Leasing Corp.*, 297 Fed. Appx. 773, 785 n.10 (10th Cir. 2008).  Our rules of evidence permit courts to take judicial notice of facts "not subject to reasonable dispute," including facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Rule 11-201(B)(2).  A court has discretion to take judicial notice sua sponte, Rule 11-201(C), but must take judicial notice if requested by a party and that party has furnished the court with the information necessary.  Rule 11-201(D).  Judicial notice may be taken at any time during the proceeding.  Rule 11-201(F).

**{7}**     When a court takes judicial notice of a fact, it must be done on the record.   There are two main reasons trial courts should make a clear record when taking judicial notice of a fact:  (1) to facilitate appellate review, *see Frost v. Markham*, 86 N.M. 261, 263, 522 P.2d 808, 810 (1974), and (2) to provide notice, as required by due process, to the opposing party.  *See Garner v. Louisiana*, 368 U.S. 157, 173 (1961).   Our trial courts should be explicit when taking judicial notice, for the benefit of the parties and the reviewing courts.

**{8}**     At the time of Defendant's trial de novo, our law treated a municipal ordinance that was the applicable law as a fact which had to be pled and proven as part of a party's prima facie case. *Muller v. City of Albuquerque*, 92 N.M. 264, 265, 587 P.2d 42, 43 (1978).  The reason for the rule requiring proof of municipal ordinances dates to a time when discovering the content of an ordinance was difficult, if not impossible, for any court not located in that municipality.  *See Getty Petroleum Mktg., Inc. v. Capital Terminal Co.*, 391 F.3d 312, 323-24 (1st Cir. 2004) (Lipez, J., concurring) (providing a thorough discussion of the historical reasons for not permitting judicial notice of local laws, and why these reasons are no longer valid).  Municipal ordinances historically have been treated in the same manner as foreign law, and thus were part of that body of law treated as fact to be proven by the parties.  *See* 2 George E. Dix et al., *McCormick on Evidence* § 328 (6th ed. 2006) (stating that foreign law was treated as a question of fact, "but a peculiar one which only the judge came to decide"); 1 Clifford S. Fishman, *Jones on Evidence* § 2.85 (7th ed. 1992) (noting that courts traditionally refused to take judicial notice of municipal ordinances because ordinances were "neither common knowledge within the state, nor readily verifiable").

**{9}**     A magistrate judge may take judicial notice of an ordinance from the same municipality in which the magistrate sits.  *See* 9A Eugene McQuillan, *McQuillan:  The Law of Municipal Corporations* § 27:51 (3d ed. 2007).  This is for the same reason that our state courts may take judicial notice of state statutes:  it is presumed magistrate courts have ready access to a current copy of the local ordinances.  *See Town of Forks v. Fletcher*, 652 P.2d 16, 17 (Wash. Ct. App. 1982) ("The rationale for this rule is that the ordinances are the particular law of the forum and, therefore, known to the local court.").

**{10}**     Likewise, we permit a district court conducting a trial de novo to take judicial notice of a municipal ordinance that controls the case. *City of Albuquerque v. Leatherman*, 74 N.M. 780, 781,

399 P.2d 108, 109 (1965). This rule, known as the *Leatherman* exception, exists because the district court hearing a case de novo may "take notice of whatever facts the [municipal court] could have noticed judicially[.]" *Id.* at 782, 399 P.2d at 110 (internal quotation marks and citation omitted). While we agree with the Court of Appeals that the district court was permitted to take judicial notice of the municipal ordinance under the *Leatherman* exception, because of our holding today, we need not rule whether judicial notice was properly taken by the district court in this case.[2]

**{11}** Our appellate courts do not take judicial notice of municipal ordinances. *See Muller*, 92 N.M. at 265, 587 P.2d at 43 ("An appellate court will not take judicial notice of municipal ordinances."); *Coe v. City of Albuquerque*, 81 N.M. 361, 364, 467 P.2d 27, 30 (1970); *Gen. Servs. Corp. v. Bd. of Comm'rs of Bernalillo County*, 75 N.M. 550, 552, 408 P.2d 51, 52 (1965). This is because we have treated municipal ordinances as facts, and we do not consider new facts when conducting appellate review. *See Gen. Servs. Corp.*, 75 N.M. at 552, 408 P.2d at 53 ("[O]ur scope of appellate review is limited to a consideration of those facts disclosed by the record.").

## C.    Judicial Notice of Law

**{12}** "Judicial notice of fact is distinct from judicial notice of law." *Personnel Dep't*, 297 Fed. Appx. at 785 n.10. Judicial notice of fact is simply an "evidentiary shortcut," while judicial notice of law is "the commonsense doctrine that the rules of evidence governing admissibility and proof of documents generally do not make sense to apply to statutes or judicial opinions – which are technically documents – because they are presented to the court as law, not to the jury as evidence." *Getty Petroleum*, 391 F.3d at 321-22. Although we do not do so explicitly, "courts take judicial notice of law every time they cite a statute or judicial decision." *Id.* at 324. It is permissible, indeed required, therefore, for our trial and appellate courts to take judicial notice of the law necessary for the resolution of all cases in front of the courts.

## D.    Municipal Ordinances are Law

**{13}** The rule requiring proof of municipal ordinances as fact is not consistent with the role of courts with respect to law and fact. "[D]etermination of the applicable law is an issue of law, not of fact." *City of Cedar Rapids v. Cach*, 299 N.W.2d 656, 660 (Iowa 1980). We agree that

> [a]s all law has become increasingly accessible and judges have tended to assume the duty to rule on the tenor of all law, the notion that [the process of treating law as fact and] part of judicial notice has become increasingly an anachronism. Evidence, after all, involves the proof of facts. How the law is fed into the judicial machine is more

---

[2] A district court may take judicial notice, sua sponte, of its own records in the case, *see In re Bruno R.*, 2003-NMCA-057, ¶ 22, 133 N.M. 566, 66 P.3d 339, which, in this case, included the criminal complaint setting forth the ordinance number under which Defendant was charged. *See Gurule*, No. 28,705, slip op. at 4. However, the district court below should have made a clear record that judicial notice was being taken of the complaint.

appropriately an aspect of the law pertaining to procedure.

Dix, *supra*, § 335.

**{14}** The reasons for distinguishing municipal ordinances as adjudicative facts, not law, are no longer compelling. *See*, *e.g.*, *id.* ("[A]s these [ordinances] become more accessible, the tendency is toward permitting the judges to do what perhaps they should have done in the beginning, that is, to rely on the diligence of counsel to provide the necessary materials, and accordingly to take notice of *all* law."); Fishman, *supra*, § 2.72 (stating that not judicially noticing municipal ordinances "was understandable when trustworthy copies of such laws were hard to come by, but is difficult to justify today"). The Hawai`i Supreme Court succinctly stated the two main reasons for the trend towards permitting judicial notice of foreign law, including municipal ordinances: accessibility and verifiability. *State v. West*, 18 P.3d 884, 888 n.10 (Haw. 2001). The reasons for the trend in treating municipal ordinances as law are interconnected: "the increased accessibility of foreign law makes it more easily verifiable; in turn, like the [i]nternet, the usefulness of this ready availability is predicated on its trustworthiness. Factors affecting these dual justifications include: (1) publication, (2) codification, and (3) compilation." *Id.* (internal citations omitted).

**{15}** These exact reasons have eroded the justification in our precedent for treating municipal ordinances as adjudicative facts which may not be judicially noticed by our courts on appeal. Municipal ordinances are no longer impossible to find outside of the municipality. It is true that they are not gathered in one uniform compilation, as are our state statutes. However, learning the contents of an ordinance no longer requires a trip to the government offices of a far-off town. The City of Aztec, for example, publishes its City Code online. Municipalities that do not publish their ordinances online still have easy means of complying with a request by court or counsel for a copy of an ordinance, and can send the same by fax or email in a reasonably brief time. *See Getty Petroleum*, 391 F.3d at 324 ("If there is no doubt that a document accurately states the law, there is no reason to eschew judicial notice of that law." (footnote omitted)).

**{16}** We hold that municipal ordinances are law and may be judicially noticed as such, and thus lay to rest the practice of treating municipal ordinances as facts. Municipal ordinances should be treated as law, and "be placed into a case via the mechanism of judicial notice of law, not proof to the jury." *Id.* at 330. We agree with the Court of Appeals in *Apodaca v. AAA Gas Co.*, 2003-NMCA-085, ¶ 46 n.3, 134 N.M. 77, 73 P.3d 215, that there is "no sound reason to deny an appellate court access to the law when it is reviewing a case de novo," and, as discussed above, conclude that there is no sound reason to deny our appellate courts the right to consult municipal ordinances, the laws that govern the myriad municipalities of New Mexico. Our rule of evidence governing judicial notice, therefore, is no longer applicable to the introduction of municipal ordinances into a case, as our holding means that municipal ordinances are no longer considered adjudicative facts.

**{17}** This conclusion requires us to overrule certain cases to the extent that they hold a municipal ordinance must be pled and proven as any other fact, including *Muller*, 92 N.M. at 265, 587 P.2d at 43; *Coe*, 81 N.M. at 364, 467 P.2d at 30; and *Gen. Servs. Corp.*, 75 N.M. at 552, 408 P.2d at 53.

The factors we consider before overruling a prior decision are:

> 1) whether the precedent is so unworkable as to be intolerable; 2) whether parties justifiably relied on the precedent so that reversing it would create an undue hardship; 3) whether the principles of law have developed to such an extent as to leave the old rule no more than a remnant of abandoned doctrine; and 4) whether the facts have changed in the interval from the old rule to reconsideration so as to have robbed the old rule of justification.

*Padilla v. State Farm Mut. Auto. Ins. Co.*, 2003-NMSC-011, ¶ 7, 133 N.M. 661, 68 P.3d 901 (internal quotation marks and citations omitted). In this instance, the first three factors are not determinant. However, the ease of legal research and the resources available to our courts, as well as to our litigants, have greatly increased, and thus "[t]he rationale for requiring [municipal ordinances] to be offered into evidence and proven — the practical difficulty of obtaining the necessary materials — has been undermined by developments in technology and open government practices that often make it easier to find the relevant law." *Getty Petroleum*, 391 F.3d at 329. Our principle of stare decisis therefore is not offended by overruling the above-cited cases.

{18}     The important reasons why we require judicial notice on the record are not harmed by this change. Appellate review will be enhanced, not hindered, by treating municipal ordinances as laws which may be judicially noticed. In this case, the due process rights of Defendant are not implicated because Defendant had notice of the ordinance under which he was being tried, as this was a trial de novo. *See United States v. Garcia*, 672 F.2d 1349, 1356 n.9 (11th Cir. 1982). Furthermore, the municipal ordinance under which Defendant was convicted is not in dispute. *See Simes v. Simes*, 895 A.2d 852, 861 (Conn. App. Ct. 2006). For these reasons, Defendant is not prejudiced by this change in the City's burden to prosecute under municipal ordinances.

{19}     Although we are holding that the parties no longer must plead and prove a municipal ordinance as a fact, if counsel knows the particular ordinance at issue is difficult to obtain, or an old version of the ordinance is at issue, counsel should take reasonable steps to ensure the court has a copy of the correct law. *See Novak v. Craven*, 195 P.3d 1115, 1119 (Colo. Ct. App. 2008) (noting that "a trial court is not expected to be omniscient: the party must provide the trial court with at least some notice of the existence of the municipal provision"). When the existence of a municipal ordinance is at issue, and therefore must be proven to the court, the methods of proof set forth in NMSA 1978, Section 3-17-5(D) (1965), remain the proper way to prove the ordinance. We find no evidence that the Legislature passed this statute with the intention of statutorily enacting the rule treating municipal ordinances as facts that must be pled and proven.

{20}     We affirm the decision of the Court of Appeals by applying the rule announced today, and Defendant's conviction for DWI contrary to the Aztec City Code is affirmed. This new rule applies to pending and future cases only. *See State v. Frawley*, 2007-NMSC-057, ¶ 41, 143 N.M. 7, 172 P.3d 144.

**III.     CONCLUSION**

**{21}** We hold that municipal ordinances are properly categorized as law which may be judicially noticed by all courts in New Mexico. Defendant's conviction is affirmed.

**{22}** **IT IS SO ORDERED.**

_____
**PATRICIO M. SERNA Justice**

**WE CONCUR:**

_____
**EDWARD L. CHÁVEZ, Chief Justice**

_____
**PETRA JIMENEZ MAES, Justice**

_____
**RICHARD C. BOSSON, Justice**

_____
**CHARLES W. DANIELS, Justice**

**Topic Index for *City of Aztec v. Gurule*, No. 31,480**

| | |
|---|---|
| **EV** | **Evidence** |
| EV-JN | Judicial Notice |
| | |
| **GV** | **Government** |
| GV-MU | Municipalities |
| | |
| **CL** | **Criminal Law** |
| CL-DG | Driving While Intoxicated |
| | |
| **CA** | **Criminal Procedure** |
| CA-SJ | Stare Decisis |