This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **No. 29,580**

**JOSHUA G.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Don Maddox, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant Joshua G. (Child) was found to be non-amenable to treatment as a juvenile. He argues that the district court improperly relied on facts not in the record and on a predisposition report that was not prepared in conformity with statutory requirements. He states the evidence was insufficient to support a finding of non-amenability. He further claims that the district court erred when it imposed a contempt sentence to run consecutively to his sentence for second degree murder. We hold that objections to the district court's reliance on facts not in the record and to the sentence for contempt were not properly preserved. We further hold that the predisposition report did not comply with statutory requirements, and we reverse Child's sentence and remand for a new amenability hearing.

**BACKGROUND**

Child was charged with first degree murder, conspiracy to commit first degree murder, attempt to commit armed robbery, conspiracy to commit armed robbery, and tampering with evidence. Child was seventeen years old when he pled guilty to second degree murder, with all other charges being dismissed.

According to facts established at a preliminary hearing, store clerk Virginia Land was shot and killed in the Allsup's convenience store in Lovington, New Mexico. Jonathan Silva and Juan Nava picked up Child and Israel Marquez from a residence and dropped them off near an alley, and Child and Marquez walked over to

2

the Allsup's. Child was armed with a knife and entered the store with Marquez, who was armed with a shotgun. Marquez demanded money from the clerk, and when she refused, he shot her.

Child was charged as a serious youthful offender, but following his guilty plea, he was adjudicated as a youthful offender, pursuant to the Children's Code, NMSA 1978, §§ 32A-1-1 to -24-5 (1977, as amended through 2011). The court ordered a fifteen-day diagnostic commitment in order to assist the court in determining Child's amenability to treatment and disposition of the case. The Children, Youth, and Families Department (CYFD) completed a diagnostic/psychological evaluation for the purpose of diagnosis and disposition recommendation (the predisposition report). At an amenability hearing that followed, the district court reviewed the factors in Section 32A-2-20(C) and found that Child was not amenable to rehabilitation in the juvenile system and should be sentenced as an adult. Child received the maximum sentence of fifteen years to run consecutively to a six-month sentence for contempt followed by two years of parole.

Child raises the following arguments on appeal: (1) his due process rights were violated when the district court relied on facts not in the record to find him non-amenable to treatment; (2) the district court failed to use reports mandated by statute and *State v. Jose S.*, 2007-NMCA-146, 142 N.M. 829, 171 P.3d 768; (3) the evidence

3

was insufficient to find Child non-amenable to rehabilitation; and (4) the district court erred when it imposed an adult sentence for contempt.

# DISCUSSION

## A. Relying on Facts Not in the Record

Child argues that the district court erred when it relied on facts not in the record to find him non-amenable to treatment. The State asserts that Child did not properly preserve this issue for appellate review. We agree with the State.

### 1. Preservation of the Issue

"To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]" Rule 12-216(A) NMRA. "[A]n objection must be made with sufficient specificity to alert the mind of the trial court to the claimed error[.]" *State v. Riley*, 2010-NMSC-005, ¶ 24, 147 N.M. 557, 226 P.3d 656 (internal quotation marks and citation omitted). "The primary purposes of the preservation requirement are (1) to alert the trial court to a claim of error so that it has an opportunity to correct any mistake, and (2) to give the opposing party a fair opportunity to respond and show why the court should rule against the objector." *State v. Montoya*, 2005-NMCA-005, ¶ 7, 136 N.M. 674, 104 P.3d 540 (internal quotation marks and citation omitted).

At the amenability hearing, the State argued that Child should be sentenced as an adult based on the circumstances and facts of the case, the concession Child received by his plea agreement, and his willingness to participate in the incident where

it was contemplated that someone would be killed. Child argued that the evidence was insufficient for a finding of non-amenability and that the State failed to meet its burden of proof that Child was not amenable to treatment.

In finding Child non-amenable to rehabilitation within the juvenile system, the district court stated that it relied on its familiarity with the crime. In that regard, the court stated that it considered testimony about the incident, how the incident came about, and the manner in which the incident was committed. The court also stated that it considered that the crime was committed with a firearm in an aggressive, violent, and premeditated, or willful manner and that it was against a person. The court also considered information about Child, including his demeanor and the way he had testified. Child points out that these facts were not in the record because they came from Child's co-defendant's trial at which the same judge presided. The district court further stated that it considered information from the predisposition report, Child's history, and the court's familiarity with the facilities that are available.

Child argues that his objection to the district court relying on facts not in the record was properly preserved because he essentially moved for a directed verdict of amenability after the State presented its argument. We disagree. At the amenability hearing, Child never argued that the district court was improperly relying on information from the co-defendant's trial. Child never objected to the sources of

6

information on which the court was relying other than the predisposition report. Child's argument was based on insufficiency of the evidence to support a finding of non-amenability. We hold that the argument lacked the specificity required to alert the district court as to error in relying on facts not in the record.

**2.      Fundamental Error**

In his brief in chief, Child mentions, in passing, that it was fundamental error for the district court to rely on facts that were not in the record. Child states in his reply brief that even if the issue was not properly preserved, this Court may review the issue for fundamental error.

The appellate court has discretion to consider questions involving fundamental error. Rule 12-216(B)(2). "[T]his Court exercises its discretion to review a claim for fundamental error in only rare instances and solely to prevent a miscarriage of justice where some fundamental right has been invaded." *State v. Laney*, 2003-NMCA-144, ¶ 47, 134 N.M. 648, 81 P.3d 591. "[T]he party asserting error must demonstrate the existence of circumstances that shock the conscience or implicate a fundamental unfairness within the system that would undermine judicial integrity if left unchecked." *Id.* (internal quotation marks and citation omitted).

Child presents no argument or authority to support his statement that the district court's reliance on facts not in the record created fundamental error; therefore, we

conclude that this is not a circumstance that warrants review for fundamental error. *See, e.g., State v. Villa*, 2004-NMSC-031, ¶ 16, 136 N.M. 367, 98 P.3d 1017 (indicating that the party who raises fundamental error has the burden of showing that some fundamental right has been invaded); *State v. Casillas*, 2009-NMCA-034, ¶ 12, 145 N.M. 783, 205 P.3d 830 (stating that, because the defendant failed to develop his arguments on appeal, those arguments would not be considered).

**B.      Report Required Under Section 32A-2-17(A)**

Child argues that the predisposition report did not comply with statutory requirements. Whether the predisposition report relied on in this case complied with the statute is an issue of law. Issues of law are reviewed de novo. *City of Aztec v. Gurule*, 2010-NMSC-006, ¶ 5, 147 N.M. 693, 228 P.3d 477.

**1.      Preservation of the Issue**

The State argues that Child failed to preserve his objection that the predisposition report failed to meet statutory requirements. We disagree and hold that the district court was alerted to Child's argument.

On the ground that the predisposition report did not address amenability, defense counsel requested another predisposition report. Later in the amenability hearing, defense counsel stated that the predisposition report was no different than the reports that are created on all juveniles that are sent to the facility for a diagnostic

evaluation. Defense counsel did not specifically reference the applicable statute, Section 32A-2-17(A)(3), when asserting that the report did not address the issue of amenability, but his twice-expressed concern that the report did not address amenability and his request for another report sufficiently alerted the district court to his objection to using the report when determining Child's amenability.

The State argues that the objection to reliance on the predisposition report was not preserved because defense counsel relied on the report to support a finding that Child was amenable to treatment when he asked both of his witnesses to comment on it. Defense counsel asked both witnesses if, in their opinions, the issues raised in the report could be addressed in a juvenile facility. This did not waive his previous objections to using the report for amenability. Indeed, defense counsel requested witness Cindy Garcia, who was a juvenile probation and parole officer, to confirm that the report did not appear to be an amenability report.

**2.      Applicable Subsection of the Statute**

Section 32A-2-17(A) requires predisposition reports to be obtained before disposition or sentencing for serious youthful offenders and youthful offenders. *See also Jose S.*, 2007-NMCA-146, ¶¶ 15-16 (holding that predisposition reports are required despite permissive language in the statute). A "serious youthful offender" is defined as "an individual fifteen to eighteen years of age who is charged with and

indicted or bound over for trial on first degree murder." Section 32A-2-3(H). A "youthful offender" is "a delinquent child subject to adult or juvenile sanctions who is . . . fourteen to eighteen years of age at the time of the offense" and who is adjudicated for any one of several enumerated offenses listed in the statute, including second degree murder. Section 32A-2-3(J)(1).

Under Section 32A-2-17(A)(2), CYFD must "prepare a predisposition report for a serious youthful offender who is convicted of an offense other than first degree murder[.]" Under Section 32A-2-17(A)(3), CYFD must "prepare a predisposition report for a youthful offender concerning the youthful offender's amenability to treatment" when the court makes Section 32A-2-20 findings for imposition of an adult sentence. The State argues that Child was properly classified as a serious youthful offender and, therefore, a predisposition report concerning amenability was not required because Section 32A-2-17(A)(2), not Section 32A-2-17(A)(3), applied to Child. We reject this argument because the State agreed to the classification of Child as a youthful offender and because the argument is not supported by the Children's Code and runs contrary to *State v. Jones*, 2010-NMSC-012, 148 N.M. 1, 229 P.3d 474.

Section 32A-2-20(G) states that a child originally charged with first degree murder but instead is convicted of one of the offenses enumerated in Section 32A-2-

10

3(J)[1] is subject to the disposition requirements for a youthful offender found in Section 32A-2-20. Section 32A-2-20(B) sets forth the findings that the district court is required to make before invoking an adult sentence. Those findings are (1) that the youthful offender "is not amenable to treatment or rehabilitation as a child in available facilities[,]" and (2) that the youthful offender "is not eligible for commitment to an institution for children with developmental disabilities or mental disorders." In *Jones*, our Supreme Court stated that "a serious youthful offender who is adjudicated for a delinquent act other than first[]degree murder *must* be sentenced as either a youthful offender or a delinquent offender, depending on the nature of the adjudicated act." 2010-NMSC-012, ¶ 19 (emphasis added). Although Child was charged with first degree murder, he was convicted of one of the enumerated offenses in Section 32A-2-3(J) (second degree murder); therefore, he is subject to the disposition requirements of Section 32A-2-20 and the predisposition report requirements of Sections 32A-2-17(A)(3).

**3.      Necessity for and Sufficiency of the Predisposition Report**

The requirement for a predisposition report concerning amenability and the procedure for finding that a child is not amenable to treatment was clarified in *Jose*

---

[1] Section 32A-2-20(G) mistakenly refers to Section 32A-2-3(I).

*S.*  In *Jose S.*, the district court heard expert testimony to the contrary and yet, found that the defendant was not amenable to treatment and sentenced him as an adult without consulting a predisposition report concerning amenability required under Section 32A-2-17(A)(3). *Jose S.*, 2007-NMCA-146, ¶¶ 5-6.  On appeal, this Court held that a predisposition report concerning amenability is required before sentencing a child as an adult because the requirement "advances the public policy favoring rehabilitation and treatment over punishment and deterrence in most juvenile cases." *Id.* ¶ 16.  The Court favored "obtaining more information, not less, to guide the trial court in making an educated and appropriate disposition." *Id.*

The district court stated that the report obtained on Child "did not address the issue of amenability."  The district court also acknowledged that the recommendations provided in the report "[were] not . . . directly on point, specifically as to amenability," even though the court stated its intent for the report was for that to be the result.  We agree with the district court that the predisposition report that was obtained on Child did not provide the court with necessary information for the court's evaluation of amenability.

The State argues that the predisposition report was adequate because it need not make a recommendation as to amenability nor state an opinion regarding Child's amenability to treatment.  The issue before this Court, however, is not whether the

12

predisposition report in this instance had to contain a specific recommendation or opinion regarding amenability[2], but whether the predisposition report had to provide the district court with the necessary information to assist it in making its amenability finding. Here, the predisposition report regarding Child failed to provide the district court with necessary information for the court's evaluation of amenability.

The predisposition report contained some, but not all, of the necessary information. Section 32A-2-20(C) outlines the following factors that the district court is required to consider when making an amenability finding:

(1)     the seriousness of the alleged offense;

(2)     whether the alleged offense was committed in an aggressive, violent, premeditated[,] or willful manner;

(3)     whether a firearm was used to commit the alleged offense;

(4)     whether the alleged offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted;

(5)     the maturity of the child as determined by consideration of the child's home, environmental situation, social and emotional health, pattern of living, brain development, trauma history[,] and disability;

(6)     the record and previous history of the child;

---

[2] If it was not always the requirement, a predisposition report for a youthful offender does indeed now require an expert opinion regarding amenability. The details are set out later in this Opinion. *See* Form 10-496D NMRA (effective Sept. 9, 2011).

13

(7)    the prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child by the use of procedures, services[,] and facilities available; and

(8)    any other relevant factor, provided that factor is stated on the record.

The predisposition report discussed circumstances that can be read to relate to factors one through four and perhaps six of Section 32A-2-20(C) in the recitation of Child's offense history. The seriousness of the offense was provided by noting Child pled to second degree murder; whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner was provided by noting that the store clerk was killed, which indicates an aggressive and/or violent incident; whether a firearm was used was provided by noting that the store clerk was shot; and whether the alleged offense was against persons or against property was provided by noting that the store clerk, a person, was shot resulting in death. The predisposition report also discussed circumstances that can be read to relate to factor five of Section 32A-2-20(C) in that it addressed Child's maturity by providing information related to Child's social history, past medical history, mental status and evaluation, and education and health status.

Significantly, however, the predisposition report did not provide any information relating to the seventh factor of Section 32A-2-20(C): "the prospects for

14

adequate protection of the public and the likelihood of reasonable rehabilitation of . . . [C]hild by the use of procedures, services[,] and facilities currently available[.]" Thus, the report did not contain necessary information for the district court to fully and properly evaluate amenability. This Court has explained the importance of the district court obtaining necessary information in order to make an educated and appropriate decision as to a youthful offender's amenability to treatment. *See Jose S.*, 2007-NMCA-146, ¶ 16 (stating that the district court should have information to guide it in making educated and appropriate disposition decisions). The report did not provide the district court with the necessary information to properly consider the seventh factor of Section 32A-2-20(C).

The State argues, nonetheless, that the district court is free to disregard expert testimony. *See State v. Gonzales*, 2001-NMCA-025, ¶ 40, 130 N.M. 341, 24 P.3d 776 (recognizing that the district court is entitled to disregard evidence presented by either party and expert testimony), *overruled on other grounds by State v. Rudy B.*, 2009-NMCA-104, 147 N.M. 45, 216 P.3d 810, *rev'd on other grounds by* 2010-NMSC-045, 149 N.M. 22, 243 P.3d 726. In pointing this out, the State asserts that the predisposition report was adequate because the district court would have been able to disregard any opinion contained in the report. The discretion, if any, to disregard expert testimony in an amenability evaluation context, however, does not give the

district court discretion to make an amenability finding without a predisposition report that provides it with the information required under the rehabilitation-specific seventh factor in Section 32A-2-20(C). The report obtained on Child lacked that information.

We hold that the predisposition report on which the district court relied did not provide the court with the full gamut of information necessary for it to evaluate amenability. Therefore, the report was inadequate concerning amenability as required by Section 32A-2-17(A)(3). The inadequacy of the predisposition report is borne out by our Supreme Court's recent adoption of a form for an order for evaluation of amenability to treatment for a youthful offender in Supreme Court Order No. 11-8300-030, effective September 9, 2011. The order requires that the amenability evaluator be a doctoral-level, licensed psychologist and reads in pertinent part:

> the report shall contain, at a minimum, an evaluation whether the child is amenable to treatment or rehabilitation as a child in available facilities, whether the child is eligible for commitment to an institution for children with developmental disabilities or mental disorders, and a recommended course of action regarding disposition in youthful offender proceedings. The report shall address the following factors:
>
> (a)  the seriousness of the alleged offense;
>
> (b)  whether the alleged offense was committed in an aggressive, violent, premeditated[,] or willful manner;
>
> (c)  whether a firearm was used to commit the alleged offense;

16

(d)  whether the alleged offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted;

(e)  the maturity of the child as determined by consideration of the child's home, environmental situation, social and emotional health, pattern of living, brain development, trauma history[,] and disability;

(f)  the record and previous history of the child;

(g)  the prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child by the use of procedures, services[,] and facilities currently available; and

(h)  any other factor relevant to amenability.

Form 10-496D.

We reverse on this issue and remand for a new amenability hearing. On remand, for its amenability determination the district court is to obtain a predisposition report concerning Child's amenability that provides the court with the information required by Form 10-496D. The court is to make findings that support its determination. Because we reverse on this issue and remand for a new amenability hearing, we need not address Child's argument that the evidence at the amenability hearing was insufficient to find him non-amenable to treatment.

## C.  Sentence for Contempt

Child argues that the district court sentenced him to six months for a magistrate court contempt order resulting in an illegal sentence. In support of his argument,

Child quotes the district court's judgment and sentence: "It is the judgment and sentence of the [district court] that [Child] serve a term of [fifteen] years in the Penitentiary of New Mexico, said sentence to run consecutively, for a total of [fifteen] years and six months, followed by two years parole." Child also argues that the district court could not sentence him for contempt because it does not comply with the purposes of the Children's Code and that the district court has no authority to impose an adult sentence for contempt.

We reject Child's argument. The district court did not sentence Child for contempt. It merely ran the second degree murder sentence of the district court consecutive to the contempt sentence of the magistrate court. The clarification of which court imposed the contempt sentence is evidenced by the district court's amended judgment and sentence, which states: "It is the judgment and sentence of the [district court] that [Child] serve a term of [fifteen] years in the Penitentiary of New Mexico, said sentence to run consecutively to the six month sentence imposed for Contempt of Court by The Honorable William G.W. Shoobridge, for a total of [fifteen] years and six months, followed by two years parole." Nothing in the record indicates that Child appealed the magistrate court's contempt sentence. Therefore, it stands as a valid sentence. The record shows that the district court's felony sentence ran consecutive to the magistrate court's contempt sentence.

18

**CONCLUSION**

We reverse Child's sentence and remand to the district court for a new amenability hearing after a predisposition report is prepared and submitted that complies with statutory requirements, as discussed in this Opinion.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**MICHAEL E. VIGIL, Judge**

19