IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: March 15, 2016

**NO. 33,889**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**GILBERT SENA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**William A. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**GARCIA, Judge.**

{1}     We now consider the correct unit of prosecution for distribution of child pornography under NMSA 1978, Section 30-6A-3(B) (2007), part of the Sexual Exploitation of Children Act, NMSA 1978, §§ 30-6A-1 to -4 (1984, as amended through 2007) (the Act), as the Act is applied to the facts in this case. Defendant Gilbert Sena conditionally pled guilty to ten counts of distribution of child pornography after a police officer used peer-to-peer software on two occasions to download ten separate still images of child pornography located in a "shared" file on Defendant's computer.

{2}     After considering the Supreme Court's analysis and ruling in *State v. Olsson*, 2014-NMSC-012, 324 P.3d 1230, we hold that Section 30-6A-3(B) is ambiguous. In addition, the legislative history and purpose of the statute does not provide a clear legislative intent for defining the unit of prosecution regarding the possession or distribution of child pornography and the test for distinctness, articulated in *Herron v. State*, 1991-NMSC-012, ¶ 15, 111 N.M. 357, 805 P.2d 624, does not apply in this case. Because we also apply the rule of lenity to the multiple charges filed in this case, we hold that Defendant may only be convicted of one count of distribution of child pornography.

# BACKGROUND

## A.    District Court Proceedings

{3}    This case arose after Defendant acquired and retained possession of several digital images of child pornography through peer-to-peer software and stored these images on the hard drive of his computer in a "shared" file, thus allowing other users of this peer-to-peer software to download the images stored in the shared file on Defendant's computer. Los Lunas Police Officer Aaron Chavez was monitoring child pornography on the internet when he discovered that Defendant possessed several images of child pornography on his computer. On October 21, 2010, Officer Chavez used peer-to-peer software to locate and download three separate still images of child pornography from the shared file on Defendant's computer. On November 4, 2010, Officer Chavez again used the peer-to-peer software to download an additional seven separate still images of child pornography from the shared file on Defendant's computer. Based upon the content of the shared file on Defendant's computer, he was indicted for twenty counts of possession of child pornography, contrary to Section 30-6A-3(A), and ten counts of distribution of child pornography, contrary to Section 30-6A-3(B).

{4}    On September 6, 2013, Defendant initially pled guilty to all ten counts of distribution of child pornography. Each count was represented by a still image that

2

Officer Chavez downloaded from the shared file on Defendant's computer and separately identified in the grand jury indictment. Sentencing on the ten counts was postponed until April 28, 2014. On April 21, 2014, the Supreme Court issued its opinion in the *Olsson* case, addressing the statutory construction of Section 30-6A-3(A) regarding the unit of prosecution for possession of child pornography, and held that the rule of lenity applies to the possession of multiple images of child pornography. *Olsson*, 2014-NMSC-012, ¶ 2, (consolidating the appeals filed by two separate defendants, James Olsson and Willard Ballard). *Olsson* did not specifically address the application of its holding to related issues involving distribution of child pornography. *Id.* The parties agreed to amend Defendant's plea agreement to make it a conditional plea, allowing Defendant to appeal the issue of whether the Supreme Court's holding in *Olsson* (specifically referring to defendant Ballard whose case was consolidated with defendant Olsson) also applied to multiple convictions for distribution of child pornography. Defendant then filed this appeal.

**B.     Arguments on Appeal**

{5}     The issue presented is whether subsequent access or transfer of Defendant's shared file images, that a third party is capable of accomplishing without Defendant's further knowledge or involvement, support separate and distinct charges for distribution of child pornography against Defendant. Defendant argues that charging

3

for distribution of child pornography under Section 30-6A-3(B) should be controlled by *Olsson*, and, as a result, he can only be convicted on a single count based upon the one "shared" file created on his computer. By pleading guilty, Defendant stipulated that possessing child pornography images in a "shared" file accessible on peer-to-peer software that third parties can download did create a sufficient factual basis to support a charge of distribution of child pornography. Defendant argues that the act of making this singular file available for download was a unitary act and this was his only act of distribution under the facts in this case. In addition, Defendant also argues that the act of distribution is not inherently committed one image at a time, the statutory definition utilized to determine the unit of prosecution for distribution of child pornography is ambiguous, and the rule of lenity must be applied in this case.

{6}    The State asserts this case is controlled by *State v. Leeson*, 2011-NMCA-068, 149 N.M. 823, 255 P.3d 401, and that Defendant's ten convictions did not violate double jeopardy. It argues that the legislative intent behind the statute criminalizing distribution of child pornography is to protect children from continued exploitation through dissemination of the recorded images of their abuse, and the file sharing that occurred in this case is the type of dissemination the statute prohibits. The State argues that—just like in *Leeson*, where we held that the defendant could be charged separately for each image created—a separate charge is appropriate for each image

of child pornography that is distributed. The State acknowledges our Supreme Court's holding in *Olsson* but argues that the *Olsson* decision should be limited solely to the unit of prosecution for possession of child pornography. Accordingly, the State requests that all of Defendant's convictions be affirmed.

**DISCUSSION**

**A.     Standard of Review**

{7}     Under the Act, issues regarding the unit of prosecution are addressed as a matter of law and subject to de novo review. *Olsson*, 2014-NMSC-012, ¶ 14. We now address the district court's decision de novo.

**B.     Units of Prosecution Under *Olsson* and *Leeson***

{8}     Double jeopardy protects defendants against multiple punishments for the same offense. N.M. Const. art. II, § 15; *State v. Pierce*, 1990-NMSC-049, ¶ 33, 110 N.M. 76, 792 P.2d 408; *see Benton v. Maryland*, 395 U.S. 784, 786 (1969). The number of separate acts that may be prosecuted under one criminal statute, known as a unit of prosecution case, is a scenario that can trigger a double jeopardy violation. *Leeson*, 2011-NMCA-068, ¶ 13. In unit of prosecution cases, the defendant is charged with multiple violations of a single statute based upon acts that may or may not be considered a single course of conduct. *State v. Barr*, 1999-NMCA-081, ¶ 11, 127 N.M. 504, 984 P.2d 185. To determine the correct unit of prosecution, the relevant

inquiry is "whether the [L]egislature intended punishment for the entire course of conduct or for each discrete act" undertaken by a defendant. *Swafford v. State*, 1991-NMSC-043, ¶ 8, 112 N.M. 3, 810 P.2d 1223.

{9}     To determine the legislative intent for establishing the unit of prosecution in any particular case, the courts employ a two-part test. *State v. Gallegos*, 2011-NMSC-027, ¶ 31, 149 N.M. 704, 254 P.3d 655. First, courts look to the plain language of the statute to determine if the Legislature has defined the unit of prosecution. *State v. Swick*, 2012-NMSC-018, ¶ 33, 279 P.3d 747. If so, the inquiry is complete and proceeds no further. *Id*. If the unit of prosecution is not clearly defined in the plain language of the statute, courts usually proceed to analyze whether a defendant's acts are separated by sufficient "indicia of distinctness" to justify multiple punishments. *Gallegos*, 2011-NMSC-027, ¶ 31 (internal quotation marks and citation omitted). In determining distinctness, the district court reviews six factors that were originally articulated in *Herron*. 1991-NMSC-012, ¶ 15. As applied to the Act, the *Herron* factors are described to be: (1) time between criminal acts, (2) location of the victim during each act, (3) existence of any intervening events, (4) distinctions in the manner of committing the acts, (5) the defendant's intent, and (6) the number of victims. *See Olsson*, 2014-NMSC-012, ¶ 32. If there is not sufficient distinctness between the acts that are separately charged, the rule of lenity applies. *Herron*, 1991-NMSC-012, ¶ 14.

6

Under the rule of lenity, doubt is resolved in a defendant's favor and against turning a single act into multiple offenses. *Id*.

{10} Two New Mexico cases have provided specific guidance regarding the unit of prosecution for charges under the Act. *See Olsson*, 2014-NMSC-012; *Leeson*, 2011-NMCA-068. In *Olsson*, our Supreme Court considered the unit of prosecution issue as applied to possession of child pornography. 2014-NMSC-012, ¶ 1. In *Leeson*, this Court considered the unit of prosecution issue as applied to manufacturing of child pornography. 2011-NMCA-068, ¶ 17. Neither court addressed the unit of prosecution issue as applied to the distribution of child pornography.

{11} In *Olsson*, our Supreme Court held that the statutory language addressing possession of child pornography was ambiguous. 2014-NMSC-012, ¶ 2. An ambiguity existed because the statutory definition for what constitutes a "visual or print medium" contains both singular types of images, such as a photograph or slide, and multiple types of images, such as a book, diskette, or film. *Id*. ¶ 20; Section 30-6A-2(B). Given this contrast, a plain meaning as to the correct unit of prosecution for possession of child pornography was not readily apparent. *Olsson*, 2014-NMSC-012, ¶ 20. Additionally, our Supreme Court found that the legislative history and purpose of Section 30-6A-3 do not define a clear unit of prosecution and that the *Herron* test of distinctness does not apply in possession cases. *Olsson,* 2014-NMSC-012,

7

¶¶ 31, 42. It determined that the *Herron* factors apply where a defendant has direct contact with a victim, but these factors do not translate to possession cases because many of the factors are irrelevant to possession or are inconclusive if applicable. *Olsson*, 2014-NMSC-012, ¶ 39. Because the statutory language was "insurmountably ambiguous" and the indicia of distinctness factors could not be applied in possession cases, the rule of lenity was applied in the defendant's favor. *Id*. ¶¶ 43, 45. Thus, the Court held that only one count of possession of child pornography could be imposed. *Id*. ¶ 47.

{12}    In *Leeson*, this Court considered the unit of prosecution as applied to the act of manufacturing child pornography. 2011-NMCA-068, ¶ 17. This Court found that the unit of prosecution for manufacturing child pornography under Section 30-6A-3(D) was readily discernible and that a separate charge could be brought for each image created. *Leeson*, 2011-NMCA-068, ¶ 17. To manufacture is specifically defined in the Act as engaging in "the production, processing, copying by any means, printing, packaging, or repackaging of any visual or print medium" depicting child pornography. Section 30-6A-2(D). Thus, under a plain language analysis of this separate statutory wording, each photograph taken is a distinct action involving a victim and a distinct violation of the statute. *Leeson*, 2011-NMCA-068, ¶ 17. As a result, this Court determined that the prosecution of the act of manufacturing each

8

separate photograph did not violate double jeopardy. *Id*. ¶ 20.

**C.  The Unit of Prosecution for Distribution of Child Pornography**

{13}  To determine the unit of prosecution for distribution of child pornography, we must now consider the language of Section 30-6A-3(B) and try to give effect to the legislative intent. *Leeson*, 2011-NMCA-068, ¶ 14. "If the statute does not clearly define the unit of prosecution, we must determine whether the different offenses are separated by sufficient indicia of distinctness." *Id*. (internal quotation marks and citation omitted).

{14}  Section 30-6A-3(B) states:

> It is unlawful for a person to intentionally distribute any obscene visual or print medium depicting any prohibited sexual act or simulation of such an act if that person knows or has reason to know that the obscene medium depicts any prohibited sexual act or simulation of such act and if that person knows or has reason to know that one or more of the participants in that act is a child under eighteen years of age.

"[V]isual or print medium" is defined as:

> (1) any film, photograph, negative, slide, computer diskette, videotape, videodisc or any computer or electronically generated imagery; or
>
> (2) any book, magazine or other form of publication or photographic reproduction containing or incorporating any film, photograph, negative, slide, computer diskette, videotape, videodisc or any computer generated or electronically generated imagery[.]

Section 30-6A-2(B).

{15}     The wording used in Section 30-6A-3(B) for distribution of child pornography is the exact same language used in Section 30-6A-3(A) regarding possession of child pornography except for one word; the word "distribute" is used in place of the word "possess." Neither "possess" nor "distribute" is defined elsewhere in the Act. Because the identical statutory language is utilized by the Legislature, we conclude that our Supreme Court's analysis in *Olsson* is the most applicable statutory construction precedent and *Olsson* should guide our analysis in the present case. We hold that the use of the word "distribute" in Section 30-6A-3(B) in place of the word "possess" under Section 30-6A-3(A) reflects an identical ambiguity with regard to the interpretation of the unit of prosecution. Therefore, consistent with *Olsson*, we agree that the statutory language in Section 30-6A-3(B) is ambiguous regarding the intended unit of prosecution for distribution of child pornography. *Olsson*, 2014-NMSC-012, ¶ 23. As recognized in *Olsson*, the same controlling definition of "visual or print medium" that is set forth in Section 30-6A-2(B) of the Act, providing for both singular and multiple types of images, also applies to factual scenarios involving acts of distribution rather than simple possession. *Olsson*, 2014-NMSC-012, ¶ 20. The history and purpose of Section 30-6A-3 discussed in *Olsson* similarly fails to provide further guidance as to a clear unit of prosecution in either scenario. 2014-NMSC-012, ¶ 29.

{16}     While distribution may align with possession in certain factual scenarios, we must address how both may differ with manufacturing under *Leeson*. The language of Section 30-6A-3(D) for the manufacture of child pornography differs from the language for possession and distribution. Notably, Section 30-6A-3(D) defines manufacture somewhat differently than possession and distribution, and Section 30-6A-2(D) provides a more specific and detailed definition for the word "manufacture." This Court recognized that this more specific definition of "manufacture" provides the proper unit of prosecution as to each image manufactured. *Leeson*, 2011-NMCA-068, ¶ 17. Both distribution and possession lack this additional defined clarity. Furthermore, this Court in *Leeson* distinguished manufacturing from possession, noting having been troubled by what the Legislature intended by the word "possess" and "questioned whether [it] meant to criminalize the possession of a collection of child pornography or the possession of each individual image within a collection." *Id.* ¶ 19. Because the statutory definition of distribution is similarly ambiguous and applies the identical definition for "visual or print medium" used to define possession, our holding in *Leeson* only confirms the same concerns that were addressed and resolved by our Supreme Court in *Olsson*.

{17}     With the unit of prosecution for distribution of child pornography unclear from the statute and legislative history, we must ultimately consider whether Defendant's

11

acts have sufficient distinctness to justify multiple punishments. As concluded in *Olsson*, the *Herron* factors to determine distinctness should apply when a defendant is charged with having direct contact with the victim. Distribution of child pornography does not entail direct contact with a child victim and Defendant was not charged with any direct contact with a victim in this case.

{18}    Assuming without deciding that an individual receiving a distribution of child pornography can be considered "a separate type of victim" under Section 30-6A-3(B) and the *Herron* factors should be applied, Defendant's actions in this case were not shown to be distinct with regard to any images placed in the "shared" file. No multiplicity of separate actions was alleged to have occurred. No evidence was presented to establish that Defendant personally sent any image to a third party. Even Officer Chavez established that he could download one or more of the images located in Defendant's shared file at any one time, without any indicia of distinctiveness that can be attributed to Defendant. Therefore, we determine that the *Herron* factors to establish distinctness, if applicable to separate acts of distribution of child pornography, did not exist in this case.

{19}    Finally, we turn to the rule of lenity. Just as the rule of lenity was applied to the ambiguity regarding the unit of prosecution in *Olsson*, it also applies to Defendant's actions regarding the distribution of child pornography in this case. 2014-NMSC-012,

¶ 45. Defendant created one distinct computer file containing multiple images of child pornography. Defendant does not dispute that he committed an act of distribution of child pornography by making his file accessible through peer-to-peer sharing software. Defendant did not perform any other readily discernible act that would justify a separate, distinct, additional charge of distribution. The rule of lenity applies to limit the number of charges and convictions upon which Defendant may be found guilty. That number is one. The indirect actions of accessing Defendant's shared computer file by Officer Chavez do not support additional charges of distribution under the current statutory language of Section 30-6A-3(B). Accordingly, to prevent double jeopardy, Defendant's ten convictions for distribution of child pornography are now reduced to one.

{20}    This Court does not address, and is specifically reserving the question of, whether multiple actions undertaken by some other defendant to affirmatively share images of child pornography with a third party may constitute separate acts of sufficient distinctiveness to warrant multiple units of prosecution for the distribution of child pornography under the Act and the current statutory language of Section 30-6A-3(B). As our Supreme Court respectfully recommended in *Olsson*, this Court also requests that the Legislature consider clarification and specificity regarding the intended unit of prosecution for possession of child pornography and the distribution

13

of child pornography, especially in light of rapidly advancing technology and changes in society regarding the use of the internet.

**CONCLUSION**

{21}    For the reasons set forth herein, we reverse all but one of Defendant's convictions for distribution of child pornography. We further remand this case to the district court to correct Defendant's judgment and sentence and to conduct any further proceedings that may be necessary to effectuate this Court's decision.

{22}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**

14