This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38219**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ERNESTO BENAVIDEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Gregory B. Dawkins, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals following a jury verdict convicting him of sexual exploitation of children (manufacturing), contributing to the delinquency of a minor, and identity theft. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant continues to argue that the evidence was insufficient to support his conviction for sexual exploitation of Victim, a minor. [MIO 5-7] Defendant asserts that he had no reason to know that Victim was

under the age of eighteen because the physical differences in a person between the ages of seventeen and eighteen are not immediately apparent and because Victim misrepresented her age on the internet website where she and Defendant first connected. [MIO 3, 6-7; DS 16] We are not persuaded because the jury heard testimony that the Victim revealed her age to Defendant when they were communicating with one another and before she turned eighteen. [DS 22-23] As we discussed in our notice of proposed disposition, the jury was free to reject Defendant's claims that he did not know that Victim was a minor. [CN 11] *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."). We will not reweigh the facts on appeal. *See State v. Garcia*, 2005-NMSC-017, ¶ 12, 138 N.M. 1, 116 P.3d 72 ("The court should not reweigh the evidence to determine if there was another hypothesis that would support innocence or replace the fact-finder's view of the evidence with the appellate court's own view of the evidence.").

**{3}**      Defendant additionally asks this Court to revisit our holding in *State v. Knight*, 2019-NMCA-060, ¶ 16, 450 P.3d 462. [MIO 6-7] Defendant argues that *Knight* established what he frames as a "civil negligence" "should have known standard in manufacturing child pornography cases" [MIO 6] and requests this Court to readdress whether this standard "is an inappropriate predicate by which to define [felony] criminal conduct." [MIO 6] We note that Defendant does not address the four-factor test for an appellate court to consider when deciding whether to overturn precedent. *See State v. Pieri*, 2009-NMSC-019, ¶ 21, 146 N.M. 155, 207 P.3d 1132. (setting forth the four factors); *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Nevertheless, we decline Defendant's request to revisit *Knight*; there was evidence in this case that Defendant *knew* Victim was under the age of eighteen because Victim told him her age.

**{4}**      Defendant additionally continues to argue that his motion to allow an expert's presence at Victim's pretrial interview was improperly denied [MIO 7-9], and that the district court should have allowed him to instruct the jury as to duress. [MIO 9-11] To the extent Defendant expands on the duress argument originally presented in his docketing statement, Defendant fails to articulate sufficient evidence in the record that would support the giving of the instruction to the jury. *See State v. Lara*, 1990-NMCA-075, ¶ 27, 110 N.M. 507, 797 P.2d 296 (explaining that it is not error to refuse to instruct the jury when there is no evidence to support the giving requested instruction); *see also State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (explaining that "[t]here is a presumption of correctness in the district court's rulings[,]" and the party claiming error on appeal bears the burden of showing such error). Nor has Defendant demonstrated that our proposed conclusion that Defendant failed to demonstrate that the district court was incorrect in ruling that it "was unable to 'see the nexus between Defendant's alleged delusion [as to what transpired between him and the victim]. . . and [the expert's] need to be present at the interview of the alleged victim'" was in error. [CN 8-9] As we previously explained, Defendant was found competent to stand trial and

there was no indication that the expert's presence at Victim's pretrial interview was essential to the defense. [CN 8-9]

{5}     Defendant has not otherwise asserted any fact, law, or argument in his memorandum in opposition that persuades us that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy*, 1998-NMCA-036, ¶ 24 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

{6}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**